IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PEGGY MARY MULVIHILL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 15-CV-478-W-DGK |
| KC RINK MANAGEMENT dba KC ICE CENTER, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER DISMISSING ALL CLAIMS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Peggy Mulvihill ("Mulvihill") was injured while taking lessons at an ice-skating rink. She sued the rink's owner, Defendant KC Rink Management dba KC Ice Center ("KC Rink Management"), for negligence.

Now before the Court is KC Rink Management's motion to dismiss the complaint for lack of personal jurisdiction (Doc. 7). The Court holds that it has no jurisdiction over KC Rink Management and GRANTS the motion.

**Background**

For the purposes of deciding this motion, the Court views the complaint's allegations, the notice of removal, and the submitted evidence in the light most favorable to Mulvihill. KC Rink Management is a limited liability company organized and headquartered in Kansas. Its three members are all citizens of Kansas, and it conducts business only in Kansas. KC Rink Management operates an ice-skating rink in Shawnee, Kansas, called the Kansas City Ice Center. Among its services are private ice-skating lessons.

Mulvihill, a citizen of Missouri, came to the Kansas City Ice Center for a private lesson. She had little ice-skating experience, and considered herself a beginner. During a lesson, one of

KC Rink Management's instructors told Mulvihill to perform a certain ice-skating move. The instructor did not teach Mulvihill how to properly perform the move, and turned her back when Mulvihill went to try it. Mulvihill then fell and injured herself.

Mulvihill sued KC Rink Management in the Circuit Court of Jackson County, Missouri, alleging negligence. KC Rink Management timely removed to this Court.

## Discussion

KC Rink Management moves to dismiss the complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).[1] "Personal jurisdiction over a defendant represents the power of a court to enter 'a valid judgment imposing a personal obligation or duty in favor of the plaintiff.'" *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011). Absent personal jurisdiction, the court must dismiss the defendant. Fed. R. Civ. P. 12(b)(2).

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing a prima facie showing of jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). This burden is "minimal." *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). The court assesses that showing "not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Fastpath*, 760 F.3d at 820. Where no hearing is held on the motion, as here, the court views all submitted evidence in the light most favorable to the plaintiff and resolves all factual conflicts in her favor. *Viasystems*, 646 F.3d at 592.

Personal jurisdiction can be general or specific. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Mulvihill does not explicitly invoke one or both of these theories, but she fails

---

[1] Mulvihill argues, without citation to legal authority, that the Court cannot rule on this motion until it rules upon her pending motion to remand (Doc. 3). Because "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits,'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), the Court denies Muvihill's request and takes up the personal jurisdiction challenge first.

under either.  General jurisdiction exists over a defendant who is essentially at home in the forum, and requires "continuous and systematic" contacts with the forum state.  *Id.*  Because KC Rink Management has *zero* contacts with Missouri, Mulvihill fails to make a prima facie case that it is essentially "at home" here.  *See id.*

Specific jurisdiction exists over a defendant when the lawsuit "arises out of or relates to the defendant's contacts with the forum."  *Id.* (alterations removed).  In a diversity case like this one, specific jurisdiction exists only to the extent permitted by the forum state's so-called "long-arm statute."  *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012) (holding that the Missouri long-arm statute and the Due Process Clause require distinct inquiries).  Missouri's long-arm statute authorizes personal jurisdiction over defendants who commit certain enumerated acts.  Mo. Rev. Stat. § 506.500.1.  Mulvihill argues that KC Rink Management committed two such acts: "[t]he transaction of any business within" Missouri, and "[t]he making of any contract within" Missouri.  *Id.* § 506.500.1(1), (2);  Pet. ¶ 3 (Doc. 1-2 at 2).  Again, the record belies these allegations.  KC Rink Management, by all accounts, operates exclusively in Kansas and so did not transact any business or make any contract within Missouri.  Therefore, the Court has no specific jurisdiction over KC Rink Management.

Having no jurisdiction over KC Rink Management, the Court must dismiss this lawsuit.  *See* Fed. R. Civ. P. 12(b)(2).[2]

---

[2] Mulvihill suggests that the Court should deny this motion because "zero discovery has taken place and plaintiff has not had the opportunity to discover information and evidence to oppose defendant's motion" (Doc. 11 at 1).  However, she does not dispute any facts alleged by KC Rink Management, including its assertion that it does not conduct business outside Kansas.  *See Viasystems, Inc.*, 646 F.3d at 598 (holding the district court's refusal to permit discovery was warranted because the plaintiff did "not dispute the facts central to [the court's] conclusion").  Rather, her assertion is entirely speculative.  *See id.* ("[W]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.").  Therefore, the Court rules on this motion notwithstanding the lack of discovery.

3

Case 4:15-cv-00478-DGK   Document 16   Filed 09/11/15   Page 3 of 4

## Conclusion

For the foregoing reasons, the Motion to Dismiss (Doc. 7) is GRANTED.  All claims against KC Rink Management are DISMISSED.

**IT IS SO ORDERED.**

Date:   September 11, 2015                                /s/ Greg Kays
                                                                                        GREG KAYS, CHIEF JUDGE
                                                                                        UNITED STATES DISTRICT COURT